## Cutler Homes, Inc., v. Di Marco, Jr., et al.

*E. Unterberger*, for plaintiff.
*S. Finestone*, for defendants.

FLOOD, J., April 7, 1952.—This is a motion to take off a compulsory nonsuit. Plaintiff is a builder of homes and defendants are subcontractors specializing in excavating, grading, filling and stone work. Defendants signed, sealed, and delivered to plaintiff an extensive printed contract in which defendants promised to do the excavating, grading, filling and stone work in a project plaintiff was then developing. Several months later, on November 13, 1947, plaintiff signed and sealed the contract. On November 15, 1947, plaintiff allegedly mailed to defendants a letter notifying them of the execution of the contract and demanding performance on November 17, 1947, which was the earlest day the letter would have arrived in the normal course. On November 18, 1947, plaintiff engaged another subcontractor at a higher figure to do the work covered by defendants' contract. Neither the original letter of November 15th, nor a carbon copy of the letter was introduced into evidence. Plaintiff's chief witness

offered a form of letter which was prepared from his recollection of what his father, the president of the corporation, had dictated to the stenographer. Defendants had denied in their pleadings that they had received such a letter and persisted in such denial at the trial.

It was incumbent upon plaintiff to prove the existence of a contract and a default thereunder. Delivery to defendants of the purported letter of November 15th was necessary to serve as notification of acceptance necessary to the formation of the contract (A. L. I. Restatement of the Law of Contracts §§52, 67) if the contract be viewed as an informal contract. However, the alleged contract is a formal one under seal. Except for the letter, there is no evidence of delivery of the contract by plaintiff. Without delivery by plaintiff the instrument is not effective as a sealed instrument. While we have seen no Pennsylvania cases on this point, we think that the proper rule is that if both parties purport to make promises in the instrument, it is ordinarily true that neither one intends to be bound by it until it is sealed and delivered by the other party also: 1 Corbin on Contracts, §245.

Whether or not the contract is formal it was necessary for plaintiff to show a demand for performance at a specific time as no such time was provided for in the contract and no repudiation by defendants subsequent to November 13, 1947, has been shown: 5 Williston on Contracts, §1319.

Plaintiff's only witness knew nothing more than that the letter was given to the stenographer for mailing. He could not testify that it was mailed. The stenographer was not called. Since defendant has denied receiving the letter, it is clear that plaintiff has not proved the case it has alleged and the trial judge rightly nonsuited it.

Motion denied.